UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONALD MACK BENNETT,

                        Plaintiff                    9:23-CV-1333
                                                                         (MAD/DJS)
        v.

C. COLUMBE,

                        Defendant.
_____

APPEARANCES:                                                  OF COUNSEL:

DONALD MACK BENNETT
Plaintiff, pro se
5233
Westchester County Jail
P.O. Box 10
Valhalla, NY 10595

MAE A. D'AGOSTINO
United States District Judge

**ORDER**

       In October 2023, plaintiff pro se Donald Mack Bennett commenced this civil rights action asserting claims arising out of his confinement at Clinton Correctional Facility ("Clinton C.F."). *See* Dkt. No. 1. With the complaint, plaintiff submitted an application to proceed in forma pauperis ("IFP"). Dkt. No. 5.

       By Decision and Order of this Court filed December 14, 2023, the Court denied plaintiff's IFP Application pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g). Dkt. No. 10 (the "December Order"). The Court noted that, because plaintiff did not allege that he feared "physical injury when he brought the action, the complaint did not present the

possibility of his stating a valid imminent danger claim." *Id*. at 8.  Accordingly, the Court did not provide plaintiff with an opportunity to amend the complaint to assert "imminent danger." *Id*.  Plaintiff was advised:

> If plaintiff wishes to proceed with this action he must, within thirty (30) days of the filing date of this Decision and Order, pay the statutory filing fee of four hundred and two dollars ($402.00) in full. Plaintiff is advised that his failure to timely comply with this Decision and Order will result in the dismissal of this action, without prejudice, without further order of this Court.

Dkt. No. 10 at 9.

On December 18, 2023, in lieu of paying the filing fee, plaintiff filed an amended complaint.  Dkt. No. 11.  In January 2024, plaintiff filed letter motions seeking an extension of time to file an IFP application.  Dkt. Nos. 12, 13.

In an Order filed on March 18, 2024, the Court denied plaintiff's letter motions and advised plaintiff that the amended complaint would not be reviewed unless and until plaintiff complied with the December Order.  Dkt. No. 14.  In light of plaintiff's pro se status, the Court provided plaintiff with an extension of time, until April 18, 2024, to comply with the December Order.  *Id.*

In lieu of paying the filing fee, on April 19, 2024, plaintiff filed a letter motion seeking an extension of time.  Dkt. No. 15.  The Court granted plaintiff's request and directed plaintiff to comply with the December Order on or before May 20, 2024.  Dkt. No. 16.

On June 20, 2024, in lieu of paying the filing fee, plaintiff filed a letter motion seeking an extension of time "to complete the forms" (Dkt. No. 18) and an amended complaint (Dkt. No. 19).  By Order of this Court dated July 2, 2024, the Court denied plaintiff's letter motion.  Dkt. No. 20.  The Court advised plaintiff that the amended complaint would not be reviewed unless and until plaintiff complied with the December Order.  *Id.*  The Court granted plaintiff a

final extension of time until August 1, 2024 to comply with the December Order.  *Id.*  Plaintiff was advised that if he failed to timely comply with the December Order, the Clerk of the Court would be directed to enter judgment dismissing this action, without prejudice, without further order of this Court.  *Id.*

On July 29, 2024, plaintiff filed a third amended complaint.  Dkt. No. 22.

As of the date of this Decision and Order, plaintiff has not complied with the December Order.  Plaintiff has not demonstrated good cause for any further extension of time.

As a result, this action is dismissed without prejudice due to plaintiff's failure to pay the filing fee for this action.[1]

**WHEREFORE**, it is hereby

**ORDERED** that this action is **DISMISSED without prejudice** due to plaintiff's failure to Comply with the filing fee requirements for this action as set forth in the Court's Decisions and Orders; and it is further

**ORDERED** that the Clerk is directed to enter judgment accordingly; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated:  August 26, 2024
         Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[1] The Court notes that plaintiff is well aware of the "three strikes" rule and the need to comply with Court Orders. Four prior actions, filed in this District by plaintiff, have been dismissed due to plaintiff's failure to comply with filing fee requirements and court orders after plaintiff's IFP applications were denied pursuant to the "three strikes" rule.  *See Bennett v. State of New York, et al.*, No. 9:21-CV-1208 (LEK/DJS), Dkt. No. 22 (N.D.N.Y. Aug. 15, 2022); *Bennett v. State of New York, et al*, No. 9:22-CV-0587 (TJM/TWD), Dkt. Nos. 20, 21 (N.D.N.Y. Jan. 5, 2023); *Bennett v State of New York, et al*., No. 9:22-CV-0817 (DNH/CFH), Dkt. No. 8 (N.D.N.Y. Dec. 12, 2022); *Bennett v. Columbe, et al.*, No. 9:23-154 (GTS/ML), Dkt. No. 6 (N.D.N.Y. May 5, 2023).